**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*PHV* application forthcoming)
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: mgirardi@bursor.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KACEY WILSON, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION BEAUTY INC.,<br><br>Defendant. | **PLAINTIFF'S RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Case No. 3:23-CV-02190-VC<br><br><u>Case Management Conference</u><br>Date: August 4, 2023<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 4 – 17th Floor<br>San Francisco Federal Courthouse<br><br>[Hon. Vince Chhabria]<br><br>**<u>CLASS ACTION</u>** |

**PLAINTIFF'S RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the Northern District's Standing Order titled "Contents of Joint Case Management Statement," Plaintiff Kacey Wilson ("Plaintiff") respectfully submits the following Rule 26(f) Report and Case Management Statement. As noted in Plaintiff's Administrative Motion to Vacate Deadlines to Meet and Confer Pursuant to Civil L.R. 7-11 (ECF No. 12), Defendant Revolution Beauty, Inc. ("Defendant") has not yet appeared in this action. The Clerk entered Default as to Defendant on July 14, 2023. *See* ECF No. 13. Thus, Plaintiff submits this report and case management statement unilaterally.

**1.    JURISDICTION AND SERVICE:**

The basis for the Court's subject matter jurisdiction is diversity jurisdiction under the Class Action Fairness Act as codified at 28 U.S.C. § 1332(d)(2)(A). The matter in controversy exceeds the sum or value of $5 million (exclusive of interest and costs) and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant. No issues exist regarding personal jurisdiction or venue. Defendant Revolution Beauty, Inc. is headquartered in Illinois. Plaintiff is a resident of San Francisco, California, which is within the Northern District of California. Plaintiff has appeared in this action. Defendant has been served, but has failed to appear.

**2.    FACTS**

    **A.    Plaintiff's Statement**

**One-Paragraph Summary.** This is a civil class action concerning Defendant's design, formulation, manufacture, marketing, advertising, distribution, and sale of eye makeup that contains color additives and ingredients that are dangerous when used on the immediate eye area.

**Principal Factual Issues in Dispute.**

Due to Defendant's failure to appear, no factual issues are in dispute.

**3.    LEGAL ISSUES**

Defendant has failed to appear, and is currently in default. Thus, no legal issues are currently in dispute.

4. **MOTIONS**

No motions are currently pending before the court.

Plaintiff intends to bring a Motion for Class Certification and a Motion for Default Judgment, in that order.

5. **AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate any other amendments at this time.  Plaintiff reserves the right to amend the complaint pursuant to FRCP 15 to add additional allegations, claims or parties if and when appropriate and subject to Court approval, if necessary.

Plaintiff does not currently intend to add any additional parties.  Plaintiff has not yet conducted discovery into the organization of Defendant and, as such, reserves the right to add or substitute one or more defendants.  Also, if the Court finds that individual state subclasses are required rather than a nationwide class under California law, Plaintiff may amend to add other plaintiffs from additional states.

6. **EVIDENCE PRESERVATION**

Counsel for Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Because Defendant and its counsel have failed to appear, counsel for Plaintiff was unable to meet and confer with Defendant or its counsel regarding reasonable and proportionate steps to preserve evidence relevant to pertinent issues in this action.

Potentially relevant documents in Plaintiff's possession are being preserved.

7. **DISCLOSURES**

On July 18, 2023, the Court entered an order vacating any deadlines to meet and confer due to Defendant's failure to appear in this action.  *See* ECF No. 14.  Thus, no disclosures have been exchanged between the parties, as the parties have not yet conferred pursuant to Fed. R. Civ. P. 26(f).

8. **DISCOVERY**

A. **Plaintiff's Statement**

No discovery has been served in this action.

For Plaintiff, the scope of anticipated discovery is as follows: **(1)** Defendant's disclosure(s) or lack of disclosure(s) regarding the presence and dangers of the Harmful Ingredient in the Revolution Eye Makeup; **(2)** the size of the class; **(3)** the revenue received by Defendant from sales of the Revolution Eye Makeup; and **(4)** damages.  Plaintiff anticipates undertaking third-party discovery as to these issues.  Plaintiff also intends to serve a subpoena on the absent Defendant for sales and class member info within the week.  Said discovery may or may not require depositions.  Plaintiff's proposed discovery schedule is set out below in Section 17.

9. **CLASS ACTION**

All counsel of record for Plaintiff have reviewed the Procedural Guidance for Class Action Settlements.  Pursuant to Civil L.R. 16-9(a), any party seeking to maintain a case as a class action must include in the case management statement the following additional information:

    A.    **Plaintiff's Statement**

        a.    **The specific paragraph(s) of Fed.R.Civ.P. 23 under which this action is maintainable as a class action:**

Plaintiff contends that this action is maintainable under Rule 23 paragraphs (a), (b)(2), and (b)(3).

        b.    **A description of the class or classes on whose behalf the action is brought:**

Plaintiff anticipates that she will move to certify the following class as defined in Paragraph 71 of the Complaint:

> **All persons residing in the United States who purchased Revolution Eye Makeup containing Harmful Ingredients during the maximum period permitted by law.**

In the event that a national class cannot be certified, Plaintiff alleges in the alternative a subclass confined to her state, as follows:

> **All members of the Class who purchased Revolution Eye Makeup containing Harmful Ingredients in California during the maximum period permitted by law.**

c. **Facts showing that Plaintiff is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b):**

i. Numerosity. "While the exact number of putative Class Members is presently unknown, it likely consists of tens of thousands of people geographically disbursed throughout the United States." Compl ¶ 73.

ii. Commonality and Predominance. Common questions of law and fact exist as to all putative Class Members. These questions predominate over questions that may affect only individual Class Members because Defendant has acted on grounds generally applicable to the Classes. Such common legal or factual questions include, inter alia: (a) Whether Revolution Eye Makeup is defective; (b) Whether Revolution Eye Makeup is misleadingly marketed, packaged, labeled and/or sold for use in the eye area when it is not fit for that purpose; (c) Whether Revolution Eye Makeup is defectively designed and/or manufactured; (d) Whether Revolution Eyes Makeup is dangerous; (e) Whether Defendant knew or reasonably should have known about the Defect prior to distributing and selling Revolution Eye Makeup to Plaintiff and the putative Classes; (f) Whether Defendant knew or reasonably should have known Revolution Eye Makeup was dangerous when Defendant packaged, marketed, advertised, specified, instructed, encouraged, and otherwise represented that Revolution Eye Makeup was intended for use in the eye area; (g) Whether Defendant concealed from, omitted, and/or failed to disclose to Plaintiff and the putative Classes the dangers associated with Revolution Eye Makeup as a result of the Products' Harmful Ingredients; (h) Whether Defendant breached the implied warranty of merchantability and the Song- Beverly Consumer Warranty Act, relating to Revolution Eye Makeup; (i) Whether Defendant engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Revolution Eye Makeup; (j) Whether Defendant violated Cal. Bus. & Prof. Code § 17500, *et seq.* (FAL); (k) Whether Defendant violated Civil Code §§ 1750, *et seq.* (CLRA); (l) Whether Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* (UCL); (m) Whether Plaintiff and the putative Classes are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of any such damages; (n) Whether Defendant should be enjoined from selling and marketing Revolution Eye Makeup containing Harmful Ingredients; (o) Whether

1    Defendant should be enjoined from selling, promoting, and advertising that Revolution Eye
2    Makeup is safe and fit for use in the eye area when, in fact, the Products contain color additives
3    that are prohibited for use in the eye area, i.e. the Harmful Ingredients; and (p) Other issues which
4    may be revealed in discovery. *See* Compl. ¶ 75. Notably, as Defendant has failed to appear in this
5    action and the Clerk of Court has entered Default as to Defendant, these common questions are
6    currently not in dispute.

               iii.     <u>Typicality</u>. The claims of the representative Plaintiff are typical in that Plaintiff, like all putative Class Members, purchased Revolution Eye Makeup that was designed, formulated, manufactured, marketed, advertised, distributed, and sold by Defendant. Plaintiff, like all putative Class Members, has been damaged by Defendant's misconduct in that, inter alia, Plaintiff incurred or will continue to incur damages as a result of overpaying for defective Revolution Eye Makeup Products that are inherently dangerous and not fit for their intended use. Furthermore, the factual basis of Defendant's misconduct is common to all putative Class Members because Defendant has engaged, and continues to engage, in systematic fraudulent behavior that was and is deliberate, includes negligent misconduct, and results in the same injury to all putative Class Members. *See* Compl. ¶ 74.

               iv.     <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of putative Class Members. Plaintiff has no interests that are antagonistic to those of putative Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

               v.     <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, putative Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of putative Class Members' individual claims, it is likely that few putative Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, putative Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or

piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

### d. A proposed date for the Court to consider whether the case may be maintained as a class action:

Given Defendant's failure to appear, it is currently unclear to Plaintiff how much time will be required in order for Plaintiff to obtain the necessary discovery to move for class certification. Plaintiff and her Counsel intend to work diligently and to file a Motion for Class Certification as soon as practicable. Plaintiff proposes that her Motion for Class Certification be due to the Court on March 15, 2024.

## 10. RELATED CASES

Plaintiff is aware of no related cases within the meaning of Civil Local Rule 3-12.

## 11. RELIEF

### A. Plaintiff's Statement

Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant, as follows: For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; for an order declaring that Defendant's conduct violates the statutes referenced in the Complaint; for an order finding in favor of Plaintiff and the Classes on all counts asserted in the Complaint; for compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury; for prejudgment interest on all amounts awarded; for an order of restitution and all other forms of equitable monetary relief; for injunctive relief as pled or as the Court may deem proper; and for an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses, and costs of suit.

## 12. SETTLEMENT AND ADR

As Defendant has yet to appear in this case, Plaintiff believes that it is premature to submit any statement as to Settlement and/or ADR. Plaintiff notes that the Court has vacated all deadlines to meet and confer regarding settlement and ADR, as well as the deadline to file an ADR certification. *See* ECF No. 14.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff does not consent to a Magistrate serving as the judge for all purposes in this civil action.

**14.   OTHER REFERENCES**

This civil action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

Because Defendant has yet to appear, all issues are uncontested at this time. Plaintiff intends to serve subpoenas on the absent Defendant and appropriate third parties, and move for class certification, at which time Plaintiff will concurrently submit a proposal for calculation of damages on both an individual and classwide basis. Should the Court grant Plaintiff's motion, Plaintiff will then move for a Default Judgment on behalf of herself and the certified class.

**16.   EXPEDITED TRIAL PROCEDURE**

Given that Defendant has failed to appear, Plaintiff does not believe that this is the type of case that can or should be handled on an expedited basis with streamlined procedures.

**17.   SCHEDULING**

Plaintiff proposes the deadlines identified in the "Proposed Deadlines" column of the table below. Plaintiff believes that these deadlines are preferable because the Court's ruling on a motion for class certification will likely inform the nature of any further proceedings, including summary judgment briefing. Plaintiff acknowledges that the proposed deadlines deviate from the Court's ordinary case schedule as detailed in the Court's Standing Order. Plaintiff believes that such deviation is appropriate and necessary because this is a class action because of the unique complications present due to Defendant's failure to appear.

| Event/Action | Plaintiff's Proposed Deadlines |
|---|---|
| Initial Status Conference | August 4, 2023 |
| Plaintiff's Disclosure of Expert Names and General Subject Matter | Simultaneously with Plaintiff's Motion for Class Certification |
| Class Certification Motion | March 15, 2024 |
| Further Case Management Conference | TBD after the Court rules on Plaintiff's motion for class |

| Event/Action | Plaintiff's Proposed Deadlines |
|---|---|
| | certification |
| Fact Discovery Completion (for non-expert discovery) | TBD after the Court rules on Plaintiff's motion for class certification |
| Deadline for Plaintiff to Move for Default Judgment | TBD after the Court rules on Plaintiff's motion for class Certification, following notice to members of any certified class |
| Hearing on Motion for Default Judgment | TBD at the convenience of the Court following its ruling on Plaintiff's motion for class Certification and notice to members of any certified class |

**18. TRIAL**

Assuming that Defendant does not appear, no trial will be necessary, as any issue of damages can be summarily entered by the Court and there are no disputed issues of fact.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant has not appeared, and as such has not filed a Certificate of Interested Entities and Corporate Disclosures.

**20. PROFESSIONAL CONDUCT**

Counsel for the Plaintiff has reviewed the Guidelines for Professional Conduct for the U.S. District Court for the Northern District of California.

**21. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.**

N/A.

Dated: July 28, 2023

**BURSOR & FISHER, P.A**.

By:   /s/ *Yeremey Krivoshey*

Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | **BURSOR & FISHER, P.A.**                                                           |
| 2  | Matthew A. Girardi (*PHV* application forthcoming)<br>1330 Avenue of the Americas   |
| 3  | 32nd Floor<br>New York, NY 10019                                                    |
| 4  | Telephone: (646) 837-7150<br>Facsimile:  (212) 989-9163                             |
| 5  | E-Mail: mgirardi@bursor.com                                                         |
| 6  | **CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)                        |
| 7  | rclarkson@clarksonlawfirm.com<br>Bahar Sodaify (SBN 289730)                         |
| 8  | bsodaify@clarksonlawfirm.com<br>Alan Gudino (SBN 326738)                            |
| 9  | agudino@clarksonlawfirm.com<br>22525 Pacific Coast Highway                          |
| 10 | Malibu, CA 90265<br>Tel: (213) 788-4050                                             |
| 11 | Fax: (213) 788-4070                                                                 |
| 12 | **WILLETT & WILLETT, LLP**<br>James P. Willett, State Bar No. 88837                 |
| 13 | james@willettlaw.com<br>Allison R. Willett, State Bar No. 238430                    |
| 14 | allison@willettlaw.com<br>9171 Wilshire Blvd., Suite 500                            |
| 15 | Beverly Hills, California 90210<br>Telephone: (424) 276-0065                        |
| 16 | Fax: (424) 276-0151                                                                 |
| 17 | **FARNESE P.C.**<br>Peter J. Farnese (SBN 251204)                                   |
| 18 | pjf@farneselaw.com<br>700 S. Flower St., Suite 1000                                 |
| 19 | Los Angeles, California 90017<br>Telephone: 310-356-4668                            |
| 20 | Facsimile: 310-388-1232                                                             |
| 21 | *Attorneys for Plaintiff*                                                           |
| 22 |                                                                                     |
| 23 |                                                                                     |
| 24 |                                                                                     |
| 25 |                                                                                     |
| 26 |                                                                                     |
| 27 |                                                                                     |
| 28 |                                                                                     |